

**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826



FILED
DEC 28 2017
KATE BARKMAN, Clerk
Dep. Clerk
By_____

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANICE CUTTER** | : | Civil Action No. |
| **471 RUTT ROAD** | : | |
| **BANGOR, PA 18013** | : | **17   5814** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Complaint and Jury Demand |
| | : | |
| **U-POL** | : | |
| **108 COMMERCE WAY** | : | |
| **STOCKERTOWN, PA 18093** | : | |
| *Defendant.* | : | |

### CIVIL ACTION

Plaintiff, Janice Cutter (hereinafter "Plaintiff"), by and through his attorney, Koller Law,

LLC, bring this civil matter against U-POL (hereinafter "Defendant"), for violations of Title VII

of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act

("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant operates its business at the above captioned address

    and has a corporate office in London< England.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

    employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's

employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Commonwealth of Pennsylvania and this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is

2

domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging retaliation.

14. The Complaint was assigned a Charge Number and was dual filed with the PHRC.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue").

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of the Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was hired by Respondent on June 16, 2008, as an Administrator.

21. In 2009, Defendant promoted Plaintiff to Operations Manager and increased her job duties to include Human Resources.

22. On March 3, 2016, Defendant terminated Plaintiff.

23. In December 2015, Plaintiff discovered that an employee, JP, complained about racial discrimination.

24. On or around December 14, 2015, the Vice President, Michael Sanders, removed Plaintiff from

3

the warehouse and had her work at home because of the complaint.

25. As per Plaintiff's job duties, Plaintiff instructed Mr. Sanders the procedure that Defendant needed o follow and that an investigation into the complaint was necessary.

26. Mr. Sanders refused to do so.

27. Both JP and Plaintiff requested formal sit-down meetings but, they were never granted.

28. Plaintiff continued to request to Mr. Sanders that an investigation take place about JP's complaint; however he refused.

29. On March 3, 2016, Defendant terminated Plaintiff.

30. Upon information and belief, Defendant did not follow procedure and undergo an investigation into the complaint.

31. Plaintiff believes that in violation of Title VII Defendant terminated her for attempting to initiate and participate in an investigation and for being vocal on more than one occasion of ensuring that the complaint was properly handled when she knew it was not being handled.

**COUNT I – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

32. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

33. Plaintiff engaged in activity protected under Title VII as described above.

34. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

35. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II - RETALIATION**
**PHRA**

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

4

37. Plaintiff engaged in activity protected under the PHRA as described above.

38. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

39. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Gurinder Singh, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged,

all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: December 28, 2017          By:     /s/ David M. Koller, Esquire
                                         David M. Koller, Esquire
                                         Attorney ID No. 037082002
                                         2043 Locust Street, Suite 1B
                                         Philadelphia, PA 19103
                                         215-545-8917
                                         *Counsel for Plaintiff*

6